U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS FILED FEB 13 2008 CLERK, U.S. DISTRICT COURT By _____ Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KINTE JOHNSON, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:08-CV-090-A |
| | § | (NO. 4:05-CR-125-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION
and
ORDER

Came on to be considered the motion of Kinte Johnson ("Johnson") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Having reviewed Johnson's motion, the record, and applicable authorities, the court concludes that the motion should be denied.

I.

Background

On July 13, 2005, Johnson was named in a three-count indictment charging him with: (1) possession of a controlled substance with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A); (2) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c); and (3) possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Johnson pleaded guilty to counts one and two, and count three was dismissed upon motion of United States of America. By judgment signed December 30, 2005, the court sentenced Johnson to a term

of 120 months' incarceration on each count, to run consecutively, for an aggregate term of imprisonment of 240 months, followed by five years' supervised release on each count, to run concurrently. On February 26, 2007, the United States Court of Appeals for the Fifth Circuit affirmed Johnson's conviction and sentence. Johnson filed his § 2255 motion on February 7, 2008.

II.

Grounds of the Motion

Johnson alleges that he was rendered ineffective assistance of counsel in various regards. Under the heading "Loss of Effective Assistance of Counsel," Johnson asserts:

> 1. [Counsel] [f]ailed to object to the presentence report that petitioner qualified for a two-level increase under U.S.S.G. § 2D1.1(b)(1) instead of a mandatory minimum of 120 months under 18 U.S.C. § 924(c).
>
> 2. Counsel failed to challenge the sufficiency of the factual basis in the district court.
>
> 3. [Counsel] [f]ailed to preserve the issue and/or perfect the record on appeal.
>
> 4. [Counsel] [f]ailed to timely object at the Rule II hearing. Failed to present petitioner's defense witness that would support petitioner's allegations that firearms found were not under his control.
>
> 5. [Counsel] [f]ailed to thoroughly investigate the case and failed to present any mitigating factors under § 3553 to warrant a lesser included offense under 18 U.S.C. § 924(c).

Mot. at 2-3. Under the heading "Argument and Points of Authorities Issue No. 2," Johnson asserts that "[c]ounsel of record was ineffective when he failed to object to the application of count 2 of the indictment 18 U.S.C. § 924(c). And

2

the trial court was in error when it applied 18 U.S.C. [§] 924(c) of the indictment to petitioner." Id. at 3.

## III.

### Standard of Review

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991), cert. denied, 502 U.S. 1076 (1992). A defendant can challenge his conviction or sentence after it is presumed final only on issues of constitutional or jurisdictional magnitude and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232. Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). Conclusory allegations on critical issue in a § 2255 proceeding are insufficient to raise a constitutional issue. United States v. Woods, 870 F.2d 285, 288 n.3 (5th Cir. 1989).

IV.

## Analysis

Johnson is not entitled to any relief on his motion for a number of different reasons,[1] but first and foremost, the first, third, fourth, and fifth grounds he asserts under the heading, "Loss of Effective Assistance of Counsel," are not cognizable because he does not make clear what, exactly, forms the bases of his complaints. Johnson offers no elaboration of how the things he enumerates amounted to ineffective assistance of counsel. He simply lists the "losses." At best, his first, third, fourth, and fifth grounds are merely conclusory allegations, which would not raise constitutional issues. Woods, 870 F.2d at 288 n.3.

Likewise, Johnson has not presented anything that would entitled him to relief under the heading "Argument and Points of Authorities Issue No. 2." Johnson seems to argue that counsel was ineffective in allowing him to plead guilty to count two, possession of a firearm in furtherance of a drug trafficking

---

[1] For example, at least some of things of which Johnson complains appear to have occurred before he entered his guilty plea. As the United States Supreme Court has explained:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in [McMann v. Richardson, 397 U.S. 759 (1970)].

Tollett v. Henderson, 411 U.S. 258, 267 (1973). In the instant motion, Johnson makes no attempt to attack the voluntary and intelligent character of his guilty plea.

4

crime in violation of 18 U.S.C. § 924(c), because "[t]he firearms possessed or found were not brandished, or displayed by petitioner. It was the lowest possible conduct to even warrant a two-level enhancement under U.S.S.G. § 2D1.1(b)(1)." Mot. at 4. This argument is a <u>non sequitur</u>. A sentence-level enhancement for use of a firearm or dangerous weapon has nothing to do with the fact that defendant pleaded guilty to count two, and Johnson makes no argument attacking the voluntary and intelligent nature of his plea. <u>See</u> <u>Tollett v. Henderson</u>, 411 U.S. 258, 267 (1973).

The primary thrust of Johnson's motion is that the facts were insufficient to support his conviction on count two. This argument was considered and rejected on direct appeal. "If issues are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack . . . The appellate process does not permit reruns." <u>Moore v. United States</u>, 598 F.2d 439, 441 (5th Cir. 1979). <u>See also</u> <u>Davis v. United States</u>, 417 U.S. 333, 345 (1974); <u>Sunal v. Large</u>, 332 U.S. 174, 178 (1947). Johnson's attempt to recast this ground as ineffective assistance of counsel is unavailing. As the United States Court of Appeals for the Fifth Circuit explained in his direct appeal:

> The stipulated facts, which Johnson confirmed were true and accurate at the rearraignment, indicate that the eight firearms found in Johnson's residence were not locked in a safe away from the drugs. Instead, they were easily accessible in Johnson's residence and were possessed in Johnson's master bedroom along with ammunition and a substantial amount of drugs. Johnson did not deny that the firearms were used in furtherance of the drug trafficking when making corrections on the

5

> Factual Resume or when the stipulated facts were read
> during the rearraignment. The combination of the
> <u>Ceballos-Torres</u> factors reasonably supports a finding
> that Johnson's firearms furthered his possession of the
> drugs by protecting his drugs against robbery.

<u>United States v. Johnson</u>, No. 06-10034, 220 Fed. Appx. 268, 270, 2007 WL 625065, at *2 (5th Cir. Feb. 26, 2007).

Johnson has not presented anything in his motion as would entitle him to any relief.

## VI.

### ORDER

For the reasons discussed above,

The court ORDERS that Johnson's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

SIGNED February 13, 2008.

_____
JOHN McBRYDE
United States District Judge